UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-mj-03416-AOR

UNITED STATES OF AMERICA

vs.

JUAN CARLOS ARBOLEDA PULIA,
GERSON DAVID PANEZO TENORIO, and
JAIME ALBERTO PRADO LOPEZ,

      Defendants.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY: _____
                BREEZYE TELFAIR
                ASSISTANT UNITED STATES ATTORNEY
                Fla. Bar No. 18055
                99 N. E. 4th Street
                Miami, Florida    33132-2111
                TEL (305) 961-9168
                FAX (305) 530-7976

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUAN CARLOS ARBOLEDA PULIA,<br>GERSON DAVID PANEZO TENORIO, and<br>JAIME ALBERTO PRADO LOPEZ,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 16-mj-03410-AOR<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 14, 2016__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 70503(a)(1) and 70506(b) | On board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district at which the defendant(s) first entered the United States, conspiracy to possess with intent to distribute a controlled substance, that is, a mixture and substance containing five (5) kilograms or more of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Lawrence Bell, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10/14/2016__

_____
*Judge's signature*

City and state: __Miami, Florida__ ALICIA M. OTAZO-REYES, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Lawrence Bell, being first duly sworn, do depose and states:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since 1998. As a special agent with the DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance; execution of search and arrest warrants; the control and administration of confidential sources; international drug importations; and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

3. This Affidavit is submitted for the limited purposes of establishing probable cause in support of a Criminal Complaint against JUAN CARLOS ARBOLEDA PULIA, GERSON DAVID PANEZO TENORIO, AND JAIME ALBERTO PRADO LOPEZ for knowingly and willfully conspiring to possess with intent to distribute cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this Affidavit does not contain the details of every aspect of

this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as, information obtained from other law enforcement personnel.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the court of this investigation.

3. On September 14, 2016, while on patrol in the Eastern Pacific, a U.S. Coast Guard (USCG) Marine Patrol Aircraft (MPA) detected a Go-Fast Vessel (GFV) approximately 250 nautical miles (NM) South-South West of the Guatemala and El Salvador border heading north at 19 knots in international waters and upon the high seas. Coast Guard Cutter (CGC) Waesche was approximately 18 NM west and diverted for intercept. A short time later, the CGC Waesche launched its helicopter and over the horizon (OTH) vessel and was granted a "statement of no objection" for "right of visit" boarding from USCG District 11 (D11). This included the authorization to employ warning shots and disabling fire to compel compliance pursuant to international law. During the pursuit, the helicopter and MPA observed the GFV jettison packages of suspected contraband, which were later recovered by CGC Waesche's second OTH vessel. The helicopter subsequently employed warning shots and disabling fire and CGC Waesche's first OTH vessel took positive control of the GFV and commenced the "right of visit" questioning. Visual inspection of the GFV and the right of visit questioning yielded the vessel name of "EL PRI," with yellow/blue/red flag painted on the port and starboard quarter.

2

Three (3) crew members were observed on the vessel. These individuals were later identified as JUAN CARLOS ARBOLEDA PULIA, GERSON DAVID PANEZO TENORIO, and JAIME ALBERTO PRADO LOPEZ. No one claimed to be the master, but one crewmember (treated as the Person-in-Charge (PIC)) made a claim of Ecuadorian nationality for the vessel. The PIC also claimed the painted flag was Ecuadoran and all three people on board claimed Ecuadorian nationality for themselves. D11 enacted the US/Ecuador operational procedures and commenced forms of exchange. Ecuador could neither confirm nor deny the claim of nationality for the vessel. D11 then authorized CGC Waesche to treat the vessel as without nationality, and thus a vessel subject to the jurisdiction of the United States, and conduct a full law enforcement boarding. CGC Waesche's second OTH recovered 15 bales from the area where the packages were seen being jettisoned from the GFV, totaling approximately 509 kilograms of cocaine. The boarding team removed the 3 crewmembers from the go-fast "EL PRI" and embarked them on the CGC Waesche. The CGC Waesche requested and D11 granted permission to sink the vessel as a hazard to navigation due to the vessel having no suitable tow points.

4. On October 13, 2016, the USCG transferred custody of JUAN CARLOS ARBOLEDA PULIA, GERSON DAVID PANEZO TENORIO, and JAIME ALBERTO PRADO LOPEZ to United States law enforcement officers, who, on that same date escorted the three individuals to the Southern District of Florida, where they first entered the United States. A representative sample of approximately ten (10) kilograms of cocaine was also provided to law enforcement.

5. Based on the foregoing facts, I submit that probable cause exists to believe that JUAN CARLOS ARBOLEDA PULIA, GERSON DAVID PANEZO TENORIO, and JAIME ALBERTO PRADO LOPEZ, while on board a vessel subject to the jurisdiction of the United

3

States, did knowingly and intentionally conspire to possess with intent to distribute cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b)(1)

FURTHER AFFIANT SAYETH NAUGHT.

_____
LAWRENCE BELL, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me
this 14th day of October, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE